IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
JUL 29 2016
CLERK, U.S. DISTRICT COURT
By _____
  Deputy

| | | |
|---|---|---|
| LISA FAULKNER, | § | |
| | § | |
| Movant, | § | |
| | § | |
| VS. | § | NO. 4:16-CV-456-A |
| | § | (NO. 4:14-CR-012-A) |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |

### MEMORANDUM OPINION AND ORDER

Came on for decision the motion of Lisa Faulkner ("movant") under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence. After having considered such motion, the government's response, movant's reply, and pertinent parts of the record in Case No. 4:14-CR-012-A, styled "United States of America v. Faulkner," the court has concluded that such motion should be denied.

### I.

### Background

On February 7, 2014, movant entered a plea of guilty to wire fraud. CR Doc.[1] 16; CR. Doc. 17. Movant's imprisonment range was 63 to 78 months' imprisonment, and on May 23, 2014, the court sentenced her to a term of 120 months' imprisonment and three years of supervised release. CR. Doc. 46; CR. Doc. 47.

---

[1] The "CR Doc. __" references are to the numbers assigned to the referenced documents on the docket of the underlying criminal case, No. 4:14-CR-012-A.

Movant appealed her sentence and the sentence was affirmed. <u>United States v. Faulkner</u>, 598 F. App'x 301 (5th Cir. 2015)

The government does not dispute that movant has timely filed her motion under 28 U.S.C. § 2255. The pertinent facts are adequately summarized by the government's response and will not be repeated here.

## II.

### Grounds of the Motion

Movant asserts four grounds in support of her motion. Doc.[2] 1. Movant's first ground is that her Fifth Amendment rights were violated based on what appears to be an argument regarding the court's decision to impose a sentence above the advisory guideline range. Doc. 1 at 5. Movant's second ground is that her Tenth and Fourteenth Amendment rights were violated by the sentencing guideline range, including an enhancement for the use of sophisticated means in committing the crime. Doc. 1 at 6. Movant's third ground is ineffective assistance of counsel in violation of her Sixth Amendment right in relation to the failure of counsel to argue that acceptance of responsibility should apply to her sentencing guidelines. Doc. 1 at 8. Movant's final argument is that the court violated her Fifth Amendment rights by

---

[2]The "Doc. __" references are to the numbers assigned to the referenced documents on the docket of this case, No. 4:16-CV-456-A.

failing to apply acceptance of responsibility points to her sentencing guidelines. Doc. 1 at 9.

## III.

## Analysis

A. <u>Pertinent Legal Principles</u>

1. <u>Legal Standard for 28 U.S.C. § 2255</u>

After conviction and exhaustion of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. <u>United States v. Frady</u>, 456 U.S. 152, 164-65 (1982); <u>United States v. Shaid</u>, 937 F.2d 228, 231-32 (5th Cir. 1991).

Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. <u>United States v. Capua</u>, 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus will not be allowed to do service for an appeal. <u>Davis v. United States</u>, 417 U.S. 333, 345 (1974). Further, if issues "are raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a later collateral attack." <u>Moore v. United States</u>, 598 F.2d 439, 441

3

(5th Cir. 1979) (citing Buckelew v. United States, 575 F.2d 515, 517-18 (5th Cir. 1978)).

2. <u>Legal Standard for Ineffective Assistance of Counsel</u>

To prevail on an ineffective assistance of counsel claim, movant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. Strickland v. Washington, 466 U.S. 668, 687 (1984); see also Missouri v. Frye, 566 U.S. ___, 132 S. Ct. 1399, 1409-11 (2012). "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." Strickland, 466 U.S. at 697; see also United States v. Stewart, 207 F.3d 750, 751 (5th Cir. 2000). "The likelihood of a different result must be substantial, not just conceivable," Harrington v. Richter, 562 U.S. 86, 112 (2011), and a movant must prove that counsel's errors "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Cullen v. Pinholster, 563 U.S. 170, 189 (2011) (quoting Strickland, 466 U.S. at 686). Judicial scrutiny of this type of claim must be highly deferential and movant must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. Strickland,

466 U.S. at 689. Stated differently, the question is whether counsel's representation amounted to incompetence under prevailing professional norms and not whether it deviated from best practices or most common custom. Premo v. Moore, 562 U.S. 115, 122 (2011).

B.  The Grounds of the Motion are Without Merit

    1.  Ground One

Movant's first ineffective assistance of counsel claim relates to the court's decision to apply a sentence above the guidelines. Doc. 1 at 5. Movant cannot raise a claim that could have been raised on appeal with a motion under § 2255. Davis, 417 U.S. at 345. Furthermore, movant's claim is nothing more than conclusory allegations which cannot sustain a claim for ineffective assistance of counsel. See Ross v. Estelle, 694 F.2d 1008, 1012 (5th Cir. 1983).

    2.  Ground Two

Movant's second ground relates to the enhancement she received for using a sophisticated means to commit the underlying crime. Doc. 1 at 6. Movant raised this ground on direct appeal. Faulkner, 598 F. App'x 301. The United States Court of Appeals for the Fifth Circuit held that the application of such enhancement was not clear error. Id. When issues "are raised and considered on direct appeal, a defendant is thereafter precluded

from urging the same issues in a later collateral attack." <u>Moore</u>, 598 F.2d at 441 (citing <u>Buckelew</u>, 575 F.2d at 517-18).

3. <u>Ground Three</u>

Movant's third ground is ineffective assistance of counsel for failure of counsel to raise an argument that movant should have received acceptance of responsibility. While this claim is styled as an ineffective assistance of counsel claim, a motion under § 2255 may not be used to address claims of misapplication of the sentencing guidelines which it appears is movant's main goal. <u>See</u> <u>United States v. Williamson</u>, 183 F.3d 458, 462 (5th Cir. 1999). Furthermore, an ineffective assistance of counsel claim cannot be based on "an attorney's failure to raise a meritless argument." <u>See</u> <u>United States v. Kimbler</u>. Movant's conclusory allegations do not establish a claim for ineffective assistance of counsel. <u>See</u> <u>Ross</u>, 694 F.2d at 1012. Movant has not shown that the failure of counsel to raise an argument regarding acceptance of responsibility, was ineffective assistance of counsel.

4. <u>Ground Four</u>

Movant's fourth ground is that the court violated her Fifth Amendment rights by failing to give her acceptance of responsibility. Again, movant cannot raise a claim that could have been raised on direct appeal with a motion under § 2255.

6

Davis, 417 U.S. at 345. Also, as stated above, movant may not use § 2255 to raise a claim of misapplication of sentencing guidelines. See Williamson, 183 F.3d at 462.

IV.

Order

Consistent with the foregoing,

The court ORDERS that all relief sought by movant in her motion under 28 U.S.C. § 2255 be, and is hereby, denied.

\* \* \* \* \* \*

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, and 28 U.S.C. § 2253(c)(2), for the reasons discussed herein, the court further ORDERS that a certificate of appealability be, and is hereby, denied, as movant has not made a substantial showing of the denial of a constitutional right.

SIGNED July 29, 2016.

_____
JOHN McBRYDE
United States District Judge